UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No.: _____ |
| v. | ) ) ) JURY TRIAL DEMANDED |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., | ) ) ) |
| Defendant. | ) COMPLAINT FOR DECLARATORY ) JUDGMENT ) ) |

## COMPLAINT

COMES NOW Plaintiff, C.B.C. Distribution And Marketing, Inc. ("CBC"), and for its complaint against Defendant, Major League Baseball Advanced Media, L.P. ("Major League Baseball"), states:

## INTRODUCTION

1. CBC is a St. Louis, Missouri based company that is a leader in providing fantasy sports games to sports enthusiasts throughout the country. Major League Baseball has threatened that CBC's continued use of baseball statistics is a violation of its "intellectual property" rights in the baseball statistics.

2. This is an action for a declaratory judgment that CBC has not, through the operation of its sports fantasy games, violated or infringed any intellectual property or other right of Major League Baseball, including but not limited to any alleged copyright, trademark right, or publicity right allegedly owned or controlled by Major League Baseball, and that CBC has not

taken any action that constitutes false and/or deceptive advertising or trade practices under state or federal law.  This complaint arises out of Major League Baseball's declared intentions to force CBC to discontinue using the sports statistics in its fantasy sports games.

## THE PARTIES

3. CBC is a Missouri corporation and is authorized to do business within the State of Missouri.  Its primary offices are located at 11756 Borman Drive, Suite 220, St. Louis, MO 63146.

4. CBC is one of the leading providers of fantasy sports products and services in North America.  CBC has operated sports fantasy games since 1992 under its own brand name, CDM Fantasy Sports ("CDM"), and has also provided services for various other sports media, including USA TODAY, Sports Weekly, The Hockey News, The Golf Channel, The Sporting News, MSNBC, and Snap.  The company currently offers baseball, football, basketball, hockey, golf and auto racing games that can be played via a variety of methods, including phone, mail, email, fax and the Internet.

5. On information and belief, Major League Baseball is a Delaware limited partnership with its principal place of business at 75 Ninth Avenue, Fifth Floor, New York, New York, 10011.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202, as well 15 U.S.C. §§ 1051 *et seq.* and 17 U.S.C. §§ 101 *et seq.*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8.	The amount in controversy between the parties exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorneys' fees, and costs.

## FACTUAL BACKGROUND

9.	To date, participation in fantasy sports games is a multimillion dollar industry in the United States. The typical model for a fantasy sports game is one in which each participant becomes the "owner" of his/her own fantasy franchise. A mock draft occurs prior to the beginning of the professional season associated with each game. For example, prior to the start of the professional baseball season, a participant will form his team by "drafting" players from various major league baseball teams. Players are drafted onto the participant's team based on the participant's notion that the player will perform well during the course of the baseball season.

10.	Typically, each participant or "owner" is competing against other fantasy owners who have drafted their own teams. The success of one's fantasy team over the course of the baseball season is dependent on his chosen players' actual performances on their respective actual teams. Usually, the publicly available statistics relating to each player and team are tracked and posted to determine which fantasy team is winning, as well as to aid participants in choosing who to play on a given day, who to trade, etc. Success is based not on the popularity of players chosen; rather, it is obtained by attempting to choose players that are likely to yield the best stats, which, often times, is not the most notable players but some up-and-coming player that is producing well. In short, it is a statistics driven game.

11.	Participants typically pay an original fee to join any fantasy "league," and some games require fees per transaction throughout the course of the game. Participants typically are playing for a cash prize. The companies, such as CDM, that offer such services do

so by creating sophisticated software programs that enable the game and the use of statistics to rank a team's performance.

      12. CBC has owned and operated a fantasy sports games business since 1992. CBC offers these sports games under its own brand name, CDM, which participants can access via the website www.CDMsports.com, amongst other means.

      13. CBC also works with numerous affiliates, providing those affiliates with the content and games allowing the affiliates to offer their own sports fantasy games.  Such past and current affiliates include USA TODAY, Sports Weekly, The Hockey News, The Golf Channel and The Sporting News, MSNBC, and Snap.

      14. CBC currently offers baseball, football, basketball, hockey, golf and auto racing fantasy sports games.  For each sport, CBC provides participants with profiles and statistics for each player and team so that participants can make informed decisions regarding their fantasy teams.

      15. CBC had formerly entered into a licensing agreement with the Major League Baseball Players Association, covering, *inter alia*, rights to names, nicknames, numbers, likenesses, signatures, pictures, playing records and biographical data.  This agreement was executed in or around July/August 2002 and expired on December 31, 2004.

      16. In an e-mail dated January 19, 2005 (Attached as Exhibit A), George Kliavkoff, a senior vice president for Major League Baseball, wrote to Charles Wiegert, the Vice President of CBC, stating:

> [t]his morning, MLB Advanced Media ("Major League Baseball" or "MLB.com") and the Major League Baseball Players Association ("MLBPA") announced that they have agreed to a relationship whereby Major League Baseball will be the exclusive licensee and sublicensor of the MLB player's [sic] rights with respect to interactive media Fantasy Baseball Games….

>Please also be aware that Major League Baseball has not yet issued any applicable licenses for the MLB Rights and other related fan activities for the 2005 season and, except for certain licenses in the wireless Licensed Media, the MLBPA has not issued any applicable licenses for the PA Rights for 2005.  <u>Please be advised that if your Company is using the above-described rights without a license, all such uses must cease immediately</u> (emphasis added).

17.    Major League Baseball has also written at least one letter asserting its legal position against companies with which CBC has done business.  Attached as Exhibit B is a letter to USA Today expressing "surprise" that USAToday.com was allegedly offering Internet fantasy baseball games.  In the letter, Major League Baseball expressly states its allegation that USA Today's actions "constitute false and/or deceptive advertising and trade practices in violation of Section 43(a) of the Lanham Act and applicable state law."

18.    Moreover, Major League Baseball sent to CBC the aforementioned letter to USA Today when it canceled a previously scheduled meeting between the parties (see Exhibit C).

19.    The aforementioned correspondences from Major League Baseball created a reasonable apprehension that CBC, and/or business partners, will be sued by Major League Baseball if it continued to operate its fantasy baseball games.  Specifically, Major League Baseball has maintained that it has exclusive ownership rights in the basic information comprising public statistics associated with the players' names and that it can therefore preclude all fantasy sports league providers from using this basic public statistical information to provide these games to the consuming public and sports enthusiasts.

5

## COUNT I

### DECLARATORY JUDGMENT THAT CBC'S ACTIONS DO NOT VIOLATE OF THE LANHAM ACT

20. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

21. CBC brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of CBC and Major League Baseball with respect to the federal Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*.

22. CBC has not violated the Lanham Act because, among other reasons, CBC has not, in connection with any goods or services, or any container for goods, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

WHEREFORE, CBC respectfully requests this Court to enter its judgment declaring that CBC does not violate any section of the Lanham Act.

## COUNT II

### DECLARATORY JUDGMENT THAT CBC DOES NOT INFRINGE ANY COPYRIGHT ALLEGEDLY OWNED OR CONTROLLED BY MAJOR LEAGUE BASEBALL

23. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

24. CBC brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of CBC and Major League Baseball with respect to any copyrights allegedly owned or controlled by Major League Baseball.

25. CBC's actions in operating a sports fantasy league business do not infringe any enforceable copyrights allegedly owned or controlled by Major League Baseball in the sports statistics or related information.

WHEREFORE, CBC respectfully requests this Court to enter its judgment declaring that CBC does not infringe any copyright owned or controlled by Major League Baseball.

## COUNT III

### DECLARATORY JUDGMENT THAT CBC DOES NOT VIOLATE ANY RIGHT OF PUBLICITY OWNED OR CONTROLLED BY MAJOR LEAGUE BASEBALL

26. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. CBC brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of CBC and Major League Baseball with respect to any alleged right of publicity owned or controlled by Major League Baseball.

28. CBC's actions in operating a sports fantasy league business do not infringe any right of publicity allegedly owned or controlled by Major League Baseball.

WHEREFORE, CBC respectfully requests this Court to enter its judgment declaring that CBC does not violate any right to publicity possessed or controlled by Major League Baseball.

7

## COUNT IV

### DECLARATORY JUDGMENT THAT CBC DOES NOT VIOLATE ANY STATE UNFAIR COMPETITION OR FALSE ADVERTISING LAWS

29.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

30.     CBC brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of CBC and Major League Baseball with respect any alleged violation of state unfair competition or false advertising laws.

31.     CBC's actions in operating a sports fantasy league business do not violate any state unfair competition or false adverstising laws.

WHEREFORE, CBC respectfully requests this Court to enter its judgment declaring that CBC does not violate any state unfair competition or false adverstising laws.

### PRAYER FOR RELIEF

WHEREFORE, CBC respectfully requests this Court to enter a judgment:

1.     Declaring that Plaintiff CBC's actions related to its business of providing and running sports fantasy teams do not violate the federal Lanham Act;

2.     Declaring that Plaintiff CBC's actions related to its business of providing and running sports fantasy teams do not infringe any copyright owned or controlled by Major League Baseball or any business associated with Major League Baseball;

3.     Declaring that Plaintiff CBC's actions related to its business of providing and running sports fantasy teams do not violate any right to publicity allegedly possessed or controlled by Major League Baseball or any business associated with Major League Baseball;

4.     Declaring that Plaintiff CBC's actions related to its business of providing and running sports fantasy teams do not violate any state unfair competition or false advertising laws;

5. Declaring that Plaintiff CBC's actions related to its business of providing and running sports fantasy teams do not violate any rights possessed or controlled by Major League Baseball and are not in violation of any state or federal statute;

6. Enjoining Major League Baseball, their agents, servants, employees, attorneys, and affiliates, and those persons or entities in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from interfering with CBC's business related to sports fantasy teams, either directly through action against CBC or indirectly through actions against businesses who contract with CBC for sports fantasy team related products, or from threatening litigation or otherwise making statements that CBC and/or CBC's customers have infringed or are infringing any rights of Major League Baseball.

7. Awarding Plaintiff its costs and attorneys' fees incurred in conjunction with this suit; and

8. Awarding Plaintiff any other relief that this Court deems just and proper.

Dated:  February 7, 2005            HARNESS, DICKEY & PIERCE, P.L.C.

By:  _____
Rudolph A. Telscher, Jr., #8578
Bryan K. Wheelock, #4696
Michael J. Thomas, #74117
Matthew L. Cutler, #78149
Douglas R. Wilner, #117826
7700 Bonhomme, Suite 400
St. Louis, MO  63105
(314) 726-7500
FAX:   (314) 726-7501

*Attorneys for Plaintiff*,
*C.B.C. Distribution And Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system, this 7th day of February, 2005, on the following:

*/s/*