UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., )<br><br>Defendant. ) | Case No. 4:05CV252MLM |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Intervene filed by the Major League Baseball Players Association ("MLBPA"). Doc. 15. Plaintiff C.B.C. Distribution and Marketing, Inc., ("CBC") has filed a Response to the Motion to Intervene. Doc. 21. The MLBPA has filed a Reply. Doc. 23. CBC has filed a Surreply. Doc. 24. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

## BACKGROUND

1. CBC alleges in its Complaint that it is a provider of fantasy sports products; that it has operated sports fantasy games since 1992; and that it offers, among other things, baseball games which can be played via a variety of methods including the phone, mail, e-mail, fax, and internet. Doc. 1, Compl., ¶ 4.

2. CBC further alleges that it formerly entered into a licensing agreement with the MLBPA which was executed in or around July/August 2002 and which expired on December 31, 2004, and that this licensing agreement covered, inter alia, rights to names, nicknames, numbers, likenesses, signatures, pictures, playing records, and biographical data. Compl., ¶ 15.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

3. By e-mail dated January 19, 2005, George Kliavkoff, Senior Vice President for Major League Baseball Advanced Media, L.P., ("Advanced Media" or "Major League Baseball" or "MLBAM") wrote Charles Wiegert, Vice President of CBC, stating that Advanced Media and the MLBPA "announced that Major League Baseball will be the exclusive licensee and sublicensor of the MLB player's [sic] rights with respect to interactive media Fantasy Baseball Games." Compl. Ex. A. The e-mail further stated:

> Please also be aware that MLBAM has not yet issued any applicable licenses for the MLB Rights and other related fan activities for the 2005 season and, except for certain licenses in the wireless Licensed Media, the MLBPA has not issued any applicable licenses for the PA Rights for 2005. Please be advised that if your Company is using the above-described rights without a license, all such uses must cease immediately.

Compl., Ex. A.

4. In a January 24, 2005, letter to USA Today, Advanced Media expressed "surprise" that USA Today.com was allegedly offering Internet fantasy baseball games and stated that USA Today's actions "constitute false and/or deceptive advertising and trade practices in violation of Section 43(a) of the Lanham Act and applicable state law." Compl., Ex. B.

5. In its Complaint wherein it names only Advanced Media as Defendant CBC seeks declaratory judgment and asks the court to declare, in regard to its conduct described above, that: CBC's actions do not violate the Lanham Act (Count I); by CBC's operating a sports fantasy league business CBC does not infringe any copyright allegedly owned or controlled by Advanced Media in regard to sports statistics and related information (Count II); CBC's actions in operating a sports fantasy league business do not violate any right of publicity owned or controlled by Advanced Media (Count III); and CBC's actions in operating a sports fantasy business do not violate any state unfair competition or false advertising laws (Count IV). Additionally, CBC asks the court to enjoin Advanced Media and its agents, servants, employees, attorneys, and affiliates and those persons or entities in active

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

concert or participation with Advanced Media from interfering with CBC's business related to sports fantasy teams, either directly through action against CBC or independently through actions against businesses who contract with CBC for sports fantasy team related products, or from threatening litigation or otherwise making statements that CBC and/or CBC's customers have infringed or are infringing any rights of Advanced Media .

6. Among the affirmative defenses asserted in its Answer to the Complaint, Advanced Media contends that the MLBPA has granted Advanced Media the exclusive right and license to exploit the following asserted rights of the Players: names, nicknames, likenesses, signatures, jersey numbers, pictures, playing records, and biographical data ( "Player Rights"), via all interactive media including, but not limited to, the Internet and wireless devices, with respect to fantasy baseball games. Doc. 7, Affirmative Defenses, ¶ 3. Advanced Media further alleges as an affirmative defense that CBC has failed to join an indispensable party, the MLBPA. Id. at ¶ 5.

7. Advanced Media has filed counterclaims against CBC alleging that CBC's use of Player Rights in connection with operating its fantasy baseball games is unauthorized; that this conduct violates the common law, trademark, unfair competition, and false advertising laws; and that this conduct violates the Lanham Act, 15 U.S.C. § § 1051 et seq. In addition to seeking damages, Advanced Media asks this court to grant injunctive relief. Doc. 7 at 5-6.

7. The MLBPA has filed a Motion to Intervene. Doc. 15. In support of its Motion to Intervene, the MLBPA alleges, pursuant to Fed. R. Civ. P. 24(a)(2), that it should be permitted to intervene in this matter because it has an interest relating to the property or transaction which is the subject of the Complaint filed by CBC; because a decision by this court may affect the MLBPA's ability to license and enforce Player Rights now and in the future; and because the MLBPA's interests are not adequately represented by the existing parties as the MLBPA's interest in this litigation is much

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

broader than the interests of Advanced Media. Doc. 15, ¶ 7. The MLBPA further contends that it should be permitted to intervene permissibly pursuant to Fed. R. Civ. P. 24(b)(2) because its claims and defenses with respect to the Complaint have questions of law and fact in common with those to be litigated in the main action. Doc. 15, ¶ 10.

**DISCUSSION**

**A.     Standing**:

As a preliminary matter, the Eighth Circuit has consistently held that "Article III standing is a prerequisite for intervention in a federal lawsuit." Curry v. Regents of the Univ. of Minnesota, 167 F.3d 420, 422 (8th Cir. 1999) (quoting Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 570 (8th Cir. 1998)). Constitutional standing requires the following showing:

> (1) the party must have suffered an "injury in fact," consisting of an "invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent [,]" id. at 560, 112 S.Ct. at 2136 (internal quotation marks and citations omitted), (2) there must be a causal connection between the injury and the conduct complained of, where the injury is fairly traceable to the challenged action, and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' "

Planned Parenthood of Mid Missouri and E. Kansas, Inc. v. Ehlmann, 137 F.3d 573, 577 (8th Cir. 1998) (quoting Lujan v. Defenders of Wild Life, 504 U.S. 555, 560-561(1992)). See also Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996).

In the matter under consideration the MLBPA and the Players are the ultimate owners of the rights at issue in this matter. Indeed, the MLBPA has suffered injury in fact as a result of CBC's expropriating intellectual property rights belonging to the MLBPA. Also, the MLBPA will suffer further injury if the court finds, as requested by CBC that by CBC's operating a baseball fantasy league business CBC does not infringe any copyright or violate any right of publicity owned or

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

controlled by Advanced Media, that it does not violate any state unfair competition or false advertising laws, and/or it does not violate any rights possessed or controlled by Advanced Media. The court finds, therefore, as a preliminary matter, that the MLBPA has the standing which is a prerequisite for intervention in the matter under consideration. See Curry, 167 F.3d at 422.

**B.    Intervention of Right**:

Rule 24(a) of the Federal Rules of Civil Procedure states in pertinent part:

> Upon timely application, anyone shall be permitted to intervene in an action:......or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"Rule 24 is to be construed liberally and doubts resolved in favor of the proposed intervenor." Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999). A party seeking intervention of right must establish that it: "(1) ha[s] a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." Curry, 167 F.3d at 422 (citing Standard Heating, 137 F.3d at 571(quoting Mausolf, 85 F.3d at 1299); Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir.1997)). "[T]he party seeking intervention must satisfy all three parts of [this] test." Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir.2004) (citing Chiglo, 104 F.3d at 187).

The MLBPA has an interest in protecting the intellectual property rights which it has licensed to Advanced Media, which property rights are at issue in the matter under consideration. Thus, the court must next determine whether MLBPA's rights might be impaired by the disposition of this case

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and whether Advanced Media adequately represents the MLBPA's interests.[1] See id. A party cannot intervene as of right if another party in the litigation adequately represents its interest. Fed. R. Civ. P. 24(a)(2); Jenkins v. Missouri, 78 F.3d 1270, 1275 (8th Cir. 1996). "A party generally need only make a *minimal* showing 'that representation "may be" inadequate' to be entitled to intervene on that basis." Little Rock Sch. Dist, 378 F.3d at 780 (quoting Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs.,Inc., 60 F.3d 1304, 1308 (8th Cir.1995) (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10(1972)) (emphasis added). As the intervenor, however, the MLBPA bears the burden of showing inadequate representation by existing parties under Rule 24(a)(2). See United States v. Union Elec. Co., 64 F.3d 1152, 1157 (8th Cir. 1995); Kansas Pub. Employees, 60 F.3d at 1308-09 (holding that an intervenor has the burden to show its interest is not adequately protected by existing parties); Mille Lacs, 989 F.2d at 997-98 (holding that an applicant for intervention bears burden of showing the applicant's interest is not adequately protected by existing parties).

The MLBPA argues that once the license which it has granted Advanced Media expires or is terminated Advanced Media will be in the position of any other provider of interactive fantasy baseball games as it will need to obtain a license from the MLBPA in order to use Player Rights. Additionally, the MLBPA argues that Advanced Media's interest is limited to Player Rights in the interactive media while the outcome of this matter may impact licensing of Player Rights in contexts other than the interactive media. The court agrees that the outcome of this matter may have an impact on the MLBPA's ability to protect its right to license and enforce Player Rights in the future and that the interests which the MLBPA seeks to protect by intervening in this matter are broader

---

[1] A party seeking to intervene, however, need not establish that its interests will actually be impaired, Jenkins v. Missouri, 78 F.3d 1207, 1275 (8th Cir. 1996); Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 60 F.3d 1304, 1307-08 (8th Cir. 1995). Rather, the standard is whether the intervenor will or will not be impaired in its ability to protect its interest. See id.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

than those which Advanced Media seeks to protect. The court finds, therefore, that the interests of Advanced Media are not clearly co-extensive with those of the MLBPA. Thus, the interests of the MLBPA will not be adequately protected by Advanced Media.[2] As such, the court finds that the MLBPA has satisfied all three parts of the test for intervention as of right. See Little Rock Sch. Dist., 378 F.3d at 780. The court finds, therefore, that the MLBPA will be permitted to intervene as a matter of right.

**C.     Permissive Intervention**:

The court will, alternatively, consider whether the MLBPA should be permitted to intervene permissively. Rule 24(b) states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action:.......or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Permissive intervention is left to the discretion of the court. Fed. R. Civ. P. Rule 24(b); see Curry, 167 F.3d at 422. In evaluating an application for permissive intervention, the court must determine "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). First, the court notes that the Complaint in this matter was filed in February 2005. The MLBPA participated in the Rule 16 Scheduling Conference. The Case Management Order which issued subsequent to that Conference provides that discovery should be completed by March 27, 2006; that dispositive motions are due on April 3, 2006; and that this

---

[2]     In its Response CBC suggests that interests of the MLBPA are adequately represented by Advanced Media because Advanced Media is represented by "two large, prestigious law firms," one which employs 1000 attorneys nationally and the other which employs approximately 250 attorneys in several nationwide offices. Doc. 21 at 5. The court notes that the size of the law firms representing Advanced Media is not relevant; rather, as set forth above, the issue for the court's consideration is whether the interests of the MLBPA and Advanced Media are co-extensive and whether the MLBPA will be adequately protected by Advanced Media. See Little Rock Sch. Dist., 378 F.3d at 780.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

matter is set for trial July 24, 2006. As such, the court notes that permitting the MLBPA to intervene will not delay proceedings in this matter and finds, therefore, that CBC will not be prejudiced in this regard. See e.g., United States v. Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995) ("The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change.") (citing Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 998-99 (8th Cir.1993)).

As stated above, in its Complaint CBC asks the court to declare that its operating a baseball fantasy league business does not infringe or violate any rights owned or controlled by Advanced Media in regard to Player Rights and related information; such rights are those which Advanced Media and the MLBPA contend are the subject of the license granted to Advanced Media by the MLBPA which license is currently in effect.

Additionally, in its proposed Counterclaims the MLBPA contends that although CBC had a license for use and exploitation of Player Rights, that license expired in 2004; that currently CBC holds no such license; that it has no entitlement to use Player Rights in its interactive fantasy baseball games; and that by so doing CBC will be misappropriating Player Rights and will violate a Post-Termination/Expiration clause in the expired license agreement CBC had with the MLBPA. Both CBC in its Complaint and the MLBPA in its Counterclaims request that the court grant injunctive relief.[3] Considering the allegations of CBC's Complaint and the allegations of MLBPA Counterclaims

---

[3] In its Response CBC argues that: (1) the intervention of the MLBPA will increase the cost of litigation as a result of increased discovery burdens; (2) that the MLBPA's breach of contract claim will add to the complexity of this matter; and (3) that while the MLBPA seeks injunctive relief, Major League Baseball does not. Doc. 21. For the reasons stated above, the court finds no merit in the first two arguments. Additionally, Major League Baseball *does* ask for injunctive relief. See Doc. 7, Counterclaim, ¶ 9.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as well as the relief which CBC and the MLBPA seek, the court finds that the MLBPA has raised questions of law and fact common to the questions of the original action. The court further finds that the intervention of the MLBPA will not interject issues that will complicate resolution of the issues presented in CBC's Complaint nor will the MLBPA intervention in this matter interject collateral issues. Specifically, the court finds that the breach of contract claim made by the MLBPA will not complicate this matter or delay the proceedings. Thus, pursuant to this court's discretion it finds, in the alternative, that the MLBPA should be granted permissive intervention. See Hartong v. Blue Valley Federal Sav. & Loan Ass'n, 767 F. Supp. 1017, 1022 (W.D. Mo. 1990) (holding that where claims raised by a proposed intervenor have questions of law or fact in common with the main action, the decision whether to allow permissive intervention is within the court's discretion).

**ACCORDINGLY**,

**IT IS HEREBY ORDERED** that the Motion to Intervene filed by the MLBPA is **GRANTED**. [15]

**IT IS FURTHER ORDERED** that the Clerk shall file and docket the Answer and Counterclaim submitted by Intervenor the MLBPA.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  8th  day of June, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com