UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED | ) ) ) | |
| Plaintiff and Counter-Claim Defendant, | ) ) ) | No. 4:05-CV-00252 MLM |
| vs. | ) ) | |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION | ) ) ) ) | |
| Defendants and Counter-Claimants. | | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

### STIPULATION

The parties to this action, by their undersigned counsel, hereby stipulate that discovery requests in this action may require production of documents and materials that contain confidential commercial, financial, personal or business information. Litigation over these claims of confidentiality would unduly consume resources and time of the court and the parties. Therefore, in the interests of promoting the just, speedy and inexpensive determination of this action, good cause exists for entry of a confidentiality stipulation and protective order as follows:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a meeting between the parties or their representatives, information revealed in an interrogatory answer, or information otherwise revealed. In designating information as "Confidential" or "Attorneys' Eyes Only," a party will make such designation only as to that information that it in good faith believes contains confidential information protectible under Fed. R. Civ. P. 26(c)(7). Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be so designated.

3.  The fact that information is designated as "Confidential" or "Attorneys' Eyes Only" under this order shall not determine or affect what a trier of fact may find to be confidential or proprietary. In the absence of a stipulation of all the parties, the fact of such designation shall not be admissible, nor shall the trier of fact be advised of such designation, during the trial of this action or any other action.

4.  "Qualified Persons," as used herein means:

    a.  Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b.  Actual or potential independent (i.e., not a party or anyone in any way affiliated with a party) technical experts or consultants, who have executed a Confidentiality Undertaking in the form attached hereto agreeing, among other things, to be bound by the terms of this Confidentiality Stipulation and Protective Order;

    c.  Any in-house attorneys, identified below by name and title, who shall, prior to any disclosure of Classified Information, execute a Confidentiality Undertaking in the form attached hereto agreeing, among other things, to be bound by the terms of this Confidentiality Stipulation and Protective Order:

        i.   For CBC Distribution and Marketing, Inc.: Mike Torrence; and

        ii.  For Major League Baseball Advanced Media, L.P.: Michael Mellis and Lee Goldsmith; and

        iii. For Major League Baseball Players Association: Michael Wiener and Evie Goldstein.

    d.  Officers, directors, or employees of any party hereto who are performing duties in connection with this litigation, who shall, prior to any disclosure of Classified Information, execute a Confidentiality Undertaking in the form attached hereto agreeing, among other things, to be bound by the terms of this Confidentiality Stipulation and Protective Order; except that Classified Information designated as "Attorneys' Eyes Only" may not be shown to these individuals, unless explicitly authorized by another portion of this Confidentiality Stipulation and Protective Order;

    e.  The designated mediator in this matter, any substitute or successor mediator, and any court reporters and videographers who provide services in conjunction with depositions in which such documents, things and information are identified or otherwise referenced, and the Court and its staff; and

    f.  Other persons to whom the parties agree in writing, or as ordered by the Court, after notice and hearing to all parties.

5.  Documents produced in connection with this action may be designated by any party or parties as "Confidential" or "Attorneys' Eyes Only" information by marking each page of

the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only."

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, (b) the deposition of a third party (which information pertains to a party), or (c) any meeting between the parties and/or their representatives, may be designated by any party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

   Any party may also designate information disclosed at any such deposition "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript.

   To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcripts containing "Confidential" or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

7. Information disclosed in response to a request for admission or an interrogatory may be designated as "Confidential" or "Attorneys' Eyes Only" by indicating that the information is "Confidential" or "Attorneys' Eyes Only" in the response.

8. Access to Classified Information:

   a. Subject to Section 8(c) below, "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Subject to Section 8(c) below, information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in paragraphs 4(a), (b), (c), (e) and (f) above.

   b. Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 4(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Confidentiality Stipulation and Protective Order may be made, or exhibits prepared by, independent copy services, printers or illustrators for the purpose of this litigation.

c. Any witness whose deposition or trial testimony is taken in this proceeding may be shown and questioned concerning any document of which such witness is the author or is shown as a recipient, of which the witness previously had knowledge, or that was created by the witness's employer (or an affiliate thereof) during the period of the witness's employment and the witness had material involvement in or had knowledge of the matters addressed in the document.

9. Before counsel for a non-designating Party may disclose Classified Information to a person described in paragraphs 4(b), (c), and (d) above, that counsel shall provide the person with a copy of this Confidentiality Stipulation and Protective Order and shall obtain an executed Confidentiality Undertaking in the form attached hereto.

10. Documents or other information unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated by notice in writing and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

11. Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing party.

12. Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Stipulation and Protective Order if each party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosure.

13. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only," or the designation of any person as a "Qualified Person," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the following procedure shall be utilized:

a. The Party challenging a designation shall give counsel of record for the designating Party notice thereof, in writing (by email, facsimile or next business day courier delivery), specifying the documents, things, information, or person for which the Party challenges the designation and the reasons for the challenge. The other Party shall then respond in writing within ten (10) business days.

b. If the Parties cannot reach agreement concerning the matter, then the Party challenging the designation must file and serve a motion with the Court seeking to remove the protection of this Confidentiality Stipulation and Protective Order. The designated material shall continue to be Classified Information until the issue is resolved by order of the Court or by agreement of the Parties. No motion for removal shall be

4

filed until the Parties have had at least one meeting or teleconference to reach an agreement.

  c. On any motions arising out of the designation of any material as Classified Information, or the designation of any person as a Qualified Person, under this Confidentiality Stipulation and Protective Order, the burden of justifying the designation shall lie with the designating Party.

14. The parties may, by stipulation, provide for exceptions to this Confidentiality Stipulation and Protective Order, and any party may seek an order of this Court modifying this Confidentiality Stipulation and Protective Order.

15. Nothing shall be designated as "Attorneys' Eyes Only" information except information of the most sensitive nature. Specifically, if disclosure of Classified Information to employees or officers of the party requesting the document or information poses a risk of material competitive or other business harm to the producing party, the documents or information may be classified as "Attorneys' Eyes Only." Examples of documents or information subject to this designation may include, but are not limited to, (i) prospective business plans, (ii) current research and development projects, (iii) recent or projected financial information, (iv) market analyses, (v) lists of customers or prospective customers, (vi) contracts or agreements, and drafts thereof, containing proprietary information or other sensitive business information, and (vii) documents revealing trade secrets or other proprietary information. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" if it is information that:

  a. Is in the public domain at the time of disclosure, as evidenced by a written document;

  b. Becomes part of the public domain through no fault of the party, as evidenced by a written document;

  c. The receiving party can show by written document that the information was in its rightful and lawful possession, at the time of disclosure; or

  d. The receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

16. In the event a party wishes to use "Confidential" or "Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

17. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony, and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "Attorneys' Eyes Only" information by a party to this action.

18. Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents containing Classified Information in the possession of any Qualified Persons shall be returned to the producing party upon request, or such materials and documents shall be certified in writing to have been destroyed; provided that this provision does not apply to information used as evidence at trial, and further provided that trial counsel for each party may retain one copy of all such papers for a period of three (3) years following termination of the litigation, which papers shall remain subject to all other provisions of this stipulation. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

19. This Confidentiality Stipulation and Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to his client his evaluation in a general way of "Confidential" or "Attorneys' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Confidentiality Stipulation and Protective Order.

20. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Stipulation and Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Confidentiality Stipulation and Protective Order.

21. Notices under this Confidentiality Stipulation and Protective Order shall be to the parties as follows to their counsel at their addresses indicated below, unless this provision is modified by the parties in writing:

    Notice to Major League Baseball Advanced Media, L.P. shall be to: Patrick Kuhlmann, Foley & Lardner LLP, 777 East Wisconsin Avenue, Suite 3800, Milwaukee, WI 53202;

    Notice to CBC Distribution and Marketing, Inc. shall be to: Rudolph A. Telscher, Harness Dickey & Pierce, P.L.C., 7700 Bonhomme Ave., St. Louis, MO 63105

    Notice to Major League Baseball Players Association shall be to: Russell S. Jones, Jr., 120 W. 12th Street, 17th Floor, Kansas City, MO 64105

22. This Confidentiality Stipulation and Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Confidentiality Stipulation and Protective Order.

001.1857430.3

23. Any violation of this Confidentiality Stipulation and Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

DATED: September 7, 2005          HARNESS, DICKEY & PIERCE, P.L.C.

/s/ Rudolph A. Telscher, Jr.
RUDOLPH A. TELSCHER, JR., #8578
BRYAN K. WHEELOCK, #4696
MICHAEL J. THOMAS, 74117
MATTHEW L. CUTLER, #78149
DOUGLAS R. WILNER, 117826
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7501 – Facsimile

*Attorneys for Plaintiff, C.B.C. Distribution and Marketing, Inc.*

DATED: September 7, 2005          ARMSTRONG TEASDALE LLP

/s/ Jeffrey H. Kass
JAY A. SUMMERVILLE
JEFFREY H. KASS
One Metropolitan Square, Suite 2600
St. Louis, MO 63102-2740
(314) 621-5065 – Facsimile

DATED: September 7, 2005          FOLEY & LARDNER LLP

/s/ Patrick M. Kuhlmann
MICHAEL J. APRAHAMIAN
PATRICK M. KUHLMANN
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
(414) 297-4900 – Facsimile

*Attorneys for Defendant Major League Baseball Advanced Media, L.P.*

001.1857430.3

DATED: September 7, 2005        SHUGHART, THOMSON & KILROY, P.C.

                                            /s/ Monica M. Fanning
                                            RUSSELL S. JONES, JR.
                                            MONICA M. FANNING
                                            120 W. 12th Street, 17th Floor
                                            Kansas City, MO 64105
                                            (816) 374-0509 - Facsimile

DATED: September 7, 2005        JOLLEY, WALSH, HURLEY & RAISHER

                                            /s/ Steven A. Fehr
                                            STEVEN A. FEHR
                                            DONALD R. AUBRY
                                            204 W. Linwood
                                            Kansas City, MO 64111
                                            (816) 561-9355 - Facsimile

*Attorneys for Major League Baseball Players Association*

## ORDER

Based upon the foregoing Stipulation, and good cause having been shown, IT IS SO ORDERED this 8th day of Sept, 2005.

                                                  MARY ANN L. MEDLER
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED | ) ) ) |
| Plaintiff and Counter-Claim Defendant, | ) No. 4:05-CV-00252 MLM ) ) |
| vs. | ) ) |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., and MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, | ) ) ) ) |
| Defendants and Counter-Claimants. | |

## CONFIDENTIALITY UNDERTAKING

I, _____, under penalty of perjury, state that I reside at _____; that I am employed by _____ in the capacity of _____; that I have read a copy of the Confidentiality Stipulation and Protective Order entered in this case on _____, 2005; that I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated "Confidential" or "Attorneys' Eyes Only"; that I agree not to disclose any such Classified Information to any person not entitled to receive disclosure of the same under the provisions of the Stipulation and Protective Order; that I agree to use any such Classified Information solely for the purposes of the captioned litigation; this includes, but is not limited to, refraining from (a) using Classified Information for purposes of prosecuting or defending any other litigation, action, claim or proceeding, or for the purpose of competing with the producing Party, or for any

9

other commercial, research, development, formulation, reformulation or other business purpose; (b) disclosing Classified Information in any other litigation, action, claim or proceeding, or in any regulatory filing, submission, or communication; or (c) disclosing Classified Information to any person not permitted to receive the relevant category of Classified Information under the terms of the Confidentiality Stipulation and Protective Order; and that I agree to abide by the Confidentiality Stipulation and Protective Order in every respect. Further, I agree to submit to the jurisdiction of this Court for purposes of enforcement of the Confidentiality Stipulation and Protective Order. Further, I understand the penalty for non-compliance may include contempt of court.

DATED:_____

_____
SIGNATURE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| C.B.C. DISTRIBUTION AND<br>MARKETING, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR LEAGUE BASEBALL<br>ADVANCED MEDIA, L.P.,<br><br>Defendant. | Case No.: 4:05cv252MLM |

## VERIFICATION OF SIGNED ORIGINAL DOCUMENT

Pursuant to Local Rule 11-2.11, Rudolph A. Telscher, Jr., hereby attests to the existence of a paper copy of a Confidentiality Stipulation and Protective Order bearing the signatures of Patrick M. Kuhlmann, Foley & Lardner, LLP., attorneys for Defendant Major League Baseball Advanced Media, L.P. and Steven A. Fehr, Jolley, Walsh, Hurley & Raisher, Attorneys for Major League Baseball Players Association. The document was filed electronically on September 7, 2005. Counsel will retain the paper copy bearing the original signatures during the pendency of the litigation including all possible appeals.

Respectfully submitted,

Dated: September 7, 2005      HARNESS, DICKEY & PIERCE, P.L.C.

By: _____
Rudolph A. Telscher, Jr., #8578
Bryan K. Wheelock, #4696
Michael J. Thomas, #74117
Matthew L. Cutler, #78149
Douglas R. Wilner, #117826
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7500
FAX: (314) 726-7501

*Attorneys for Plaintiff,*

C.B.C. Distribution and Marketing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system, this 7th day of September, 2005, on the following:

_____

Judge Medler
Case Number: 4:05-cv-00252
Docket Text: Stipulation
Document Number: 36
Pages: 12

Date Filed: 09/07/2005
Date Entered: 09/07/2005