UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV252MLM |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., | ) ) ) ) | |
| Defendant | ) | |

------------------------------------------------------------

| | |
|---|---|
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P. | ) ) ) |
| Counter-Claim Plaintiff, | ) |
| vs. | ) ) |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) |
| Counter-Claim Defendant. | ) |

------------------------------------------------------------

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, | ) ) ) |
| Intervenor-Counter-Claim Plaintiff | ) ) |
| vs. | ) ) |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) |
| Counter-Claim Defendant. | ) |

------------------------------------------------------------

## MEMORANDUM OPINION

This matter is before the court on Plaintiff C.B.C. Distribution and Marketing, Incorporated's

("CBC") Motion to Compel. [Doc. 59] Major League Baseball Advanced Media, L.P. ("Advanced

Media") filed an Opposition to the Motion. [Doc. 62] CBC filed a Reply. [Doc. 64]

In its Motion, CBC asks the court to compel production of (1) the 2006 licensing agreements and all related correspondence and negotiations from 2005 and 2006, and (2) the "Requests for Proposals" and related documents.[1] CBC sets out the background of its discovery requests, Advanced Media's objections, and the parties' attempts to resolve their discovery disputes. CBC states the requested discovery is relevant to, *inter alia*,:

(1)     damages which have been asserted by the defendants,
(2)     whether there is any harm to the commercial value of the players' personae, an element of defendants' counter claims for misappropriation of rights of publicity, and
(3)     CBC's affirmative defenses including the defenses of unclean hands, illegal monopolization, acquiescence, waiver and estoppel.

CBC sets out the relevant law and discovery principles that support its position. Likewise, in its opposition, Advanced Media sets out the relevant law and discovery principles that support its position. Both parties have correctly stated the law and repeating it here will serve no useful purpose. CBC primarily relies on Fed.R.Civ.P. 26(b)(1): "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending litigation," and relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Advanced Media primarily relies on the part of the rule that limits discovery, attempts to prevent fishing expeditions and encourages judges to be more aggressive in identifying discovery overuse and enables courts to keep tighter reigns on the extent of discovery. Fed.R.Civ.P. 26(b)(2); Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000).

**1.      2006 License Agreements and all related negotiations and correspondence from 2005 and 2006**

Advanced Media objects to CBC's Motion on the grounds that the requested documents far

---

[1]      CBC may have other outstanding discovery requests but the Motion to Compel only deals with the items specified.

exceed what is necessary to try the claims at issue.

A. Advanced Media states it has produced all of the 2005 license agreements and therefore as to those license agreements, there is no dispute. With regard to the 2006 license agreements, Advanced Media states it is in the process of negotiating some of them. The court has considered the arguments of the parties and finds that the 2006 license agreements should be produced. The ones that have been finalized should be produced forthwith. The ones that are still being negotiated should be produced when they are finalized under a continuing duty to produce.

B. Regarding the "correspondence and negotiations" related to Advanced Media's license agreements with third parties, Advanced Media states that as to CBC's damages, the value in the market place comes from the final terms of the agreements; regarding harm to the commercial values of the players' personae, Advanced Media asserts CBC's "selective enforcement" theory lacks any authority; and according to Advanced Media, "most importantly" Advanced Media has agreed to produce documents related to Advanced Media's enforcement of the Player Rights and the MLB Marks in connection with fantasy baseball games. Advanced Media states these documents, not the negotiations and correspondence with third parties, are the only documents possibly relevant to CBC's "defense" that Advanced Media forfeited the right of publicity by inconsistent enforcement. Regarding CBC's monopoly defense, Advanced Media states that this defense was raised against the Major League Baseball Players Association not Advanced Media, that Advanced Media licensed over a dozen fantasy operators in 2005 and that the mere reciting of a "monopoly" is insufficient to broaden the scope of discovery.

The court finds that "all correspondence and documents relating to negotiations of the 2005 and 2006 license agreements" is an over broad and burdensome request and these documents need

not be produced.[2]  The court agrees that the value in the marketplace is determined by the final agreements, not the negotiations as far as CBC's damages are concerned.  It is pure speculation (and falls into the "fishing expedition" category) on the part of CBC that these documents may contain discussions of fees pertaining to the use of particular rights in the players' "bundle of intellectual property rights."

The court agrees that CBC's "forfeiture" defense and/or "selective enforcement" defense are best addressed by Advanced Media's production of the documents relating to Advanced Media's enforcement of the Player Rights and the MLB Marks, the production of which were promised in the Kuhlmann Declaration at ¶4.  In addition, and as to the possibility that the correspondence and negotiation documents could contain statements by others challenging the use of rights of publicity claimed protectable, including players' statistics, the court finds that a third party's position on the scope of the right of publicity is irrelevant.

As to CBC's "monopoly" defense, the court agrees with CBC that although this so-called defense was not raised against Advanced Media, it was raised against the Major League Baseball Players Association and Rule 26(b)(1) relates to a "claim or defense of any party."  However, Advanced Media represents that it licensed over a dozen fantasy games operated in 2005, its first year as exclusive sublicensor of the claimed Players Association's rights.  Assuming this is true for purposes of the Motion, the court finds that the negotiation and correspondence with unlicensed third parties are not relevant to a monopolization defense.

2.      Requests for Proposal and Related Documents

---

[2]      In reaching this conclusion, the court has weighed carefully the limitations on discovery imposed by Fed.R.Civ.P. 26(b)(2)(i), (ii) and (iii), especially subpart (iii).

CBC 's Request for Production #9 asks for "all documents relating to any 'Requests for Proposals' to MLBAM that pertain to fantasy sports games or Player Statistics."[3] In response and subject to numerous objections, Advanced Media produced the Request for Proposal to CBC only. The court finds that the 2005 and 2006 Requests for Proposals should be produced. Advanced Media does not address the issue of Requests for Proposals in its opposition to CBC's Motion. However, its objections in its discovery response based on attorney client or work product privileged information or that the Requests for Proposals contain confidential or proprietary information are without merit because the Requests for Proposals were sent to potential licensees and thus any confidentiality or privilege arguments are waived. However, the related documents and negotiations need not be produced for the reasons set out above.

Accordingly,

**IT IS HEREBY ORDERED** that CBC's Motion to Compel is **GRANTED** in part and **DENIED** in part as more fully set out in this Memorandum Opinion. [Doc. 59]

**IT IS FURTHER ORDERED** that all documents produced pursuant to this Memorandum Opinion be produced pursuant to the Protective Order previously entered by the parties.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of February, 2006.

---

   [3]   According to CBC, "for the first time in 2005, Advanced Media sent 'Requests for Proposals' to a number of companies who Advanced Media believed might want a license to operate fantasy games for the 2005 season."