UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV252MLM |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., | ) ) ) | |
| Defendant | ) | |

-----------------------------------------------------------

| | |
|---|---|
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P. | ) ) |
| Counter-Claim Plaintiff, | ) |
| vs. | ) ) |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) |
| Counter-Claim Defendant. | ) ) |

-----------------------------------------------------------

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, | ) ) |
| Intervenor-Counter-Claim Plaintiff | ) ) |
| vs. | ) ) |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) |
| Counter-Claim Defendant. | ) ) |

-----------------------------------------------------------

## ORDER CONCERNING AMENDING THE ANSWERS

This matter is before the court on Plaintiff C.B.C. Distribution and Marketing Corporation's ("CBC" or "Plaintiff") Motion to Amend the Answers. [Doc. 102] Intervenor, The Major League Baseball Players Association ("the Players Association") has filed a Memorandum in Opposition to the Motion to Amend [Doc. 110] in which defendant, Major League Baseball Advanced Media ("Advanced Media") has joined. See Footnote 1, Doc. 110. CBC has replied. [Doc. 115]

In its Motion, CBC asks to amend its Answers to the counter-claims of Advanced Media and the Players Association by adding the affirmative defense that federal copyright law preempts state rights of publicity to the extent rights of publicity are claimed to prevent the use of players' statistical information in connection with fantasy games. First, the Players Association argues that any amendments would be untimely in that they are beyond the July 29, 2005 deadline for amending pleadings established in the court's Case Management Order. Second, the Players Association claims that prejudice to the Players Association would result because the amendments are sought after the discovery cut-off and they did not have an opportunity to ask contention interrogatories or questions in depositions relevant to a preemption defense. Third, the Players Association argues any such amendments would be futile. The Players Association states:

> Let there be no mistake: The Players Association is *not* seeking to remove *statistics* from the public domain. This case is not about publishing the number of hits, stolen bases, walks or strikeouts that a Major League baseball player obtains. The Players Association is not trying to stop plaintiff from listing game statistics on its website. The Players Association is not trying to stop plaintiff from commenting on Major League players or on the game of baseball, or from otherwise engaging in predominantly expressive activity. What the Players Association *is* working to stop is the non-consented commercial use of its members' *names and identities* in CBC's pay-to-play fantasy baseball games.

The Players Association's Memorandum in Opposition to Motion to Amend [Doc. 110] at p.3-4. (emphasis in original; footnote omitted.)

Rule 15(a) of the Federal Rules of Civil Procedure states that pleadings may be amended with leave of court and leave "shall be freely given when justice so requires." Fed.R.Civ.P 15(a). Absent undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies on the part of the movant, undue prejudice to the opposing party or the futility of the amendment, the leave sought should be granted. <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962). The court finds no undue delay, bad faith, dilatory motive or repeated failure to cure deficiences on the part of plaintiff.

Although the Players Association (and Advanced Media) argue that their counter-claims are only about the use of players names and identities which use does not implicate the Copyright Act,

plaintiff's Complaint clearly seeks declaratory judgment that its fantasy games do not violate the Copyright Act, specifically by the use of statistics in connection with its fantasy games. The issue of copyright law has therefore been in the case from the start and the Players Association and Advanced Media cannot claim surprise. The court finds that the issue of copyright is primarily a legal issue and would not necessitate further fact discovery. Thus, there is no prejudice to the Players Association or Advanced Media. The issue has already been briefed by all parties. Amendments will not cause delay because the case is not set for trial until September.

In conclusion, the court finds that the amendments should be allowed both in the spirit of Rule 15(a) and because the interplay between and among the legal issues of copyright law, the right of publicity and the First Amendment should not be decided piecemeal. It would therefore be inappropriate to decide the futility of the amendments or the application of copyright law at this time. These issues will be taken up in the court's rulings on the parties' various Motions for Summary Judgment which are now pending.

Accordingly,

**IT IS HEREBY ORDERED** that CBC's Motion to Amend the Answers is **GRANTED**. [Doc. 102]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of May, 2006