UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.B.C. DISTRIBUTION AND MARKETING, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV252MLM |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P., | ) ) ) ) | |
| Defendant | ) | |
| MAJOR LEAGUE BASEBALL ADVANCED MEDIA, L.P. | ) ) ) | |
| Counter-Claim Plaintiff, vs. | ) ) ) | |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) ) | |
| Counter-Claim Defendant. | ) | |
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, | ) ) ) | |
| Intervenor-Counter-Claim Plaintiff | ) ) | |
| vs. | ) ) | |
| C.B.C. DISTRIBUTION AND MARKETING INCORPORATED, | ) ) ) | |
| Counter-Claim Defendant. | ) | |

## ORDER CONCERNING EXCLUDING EVIDENCE

This matter is before the court on C.B.C. Distribution and Marketing Incorporated's ("CBC" or "Plaintiff") Motion to Exclude Evidence. [Doc. 100] Intervenor, the Major League Baseball Players Association ("the Players Association"), to whom the Motion is addressed, has filed a Memorandum in Opposition to Plaintiff's Motion. [Doc. 113]. CBC has replied. [Doc. 117].

This Motion involves a discovery dispute. CBC seeks to exclude evidence submitted in support of the Players Association's Reply Brief in Support of Motion for Summary Judgment, Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Response to Amicus

Brief ("the Players Association's Reply"). Specifically, CBC seeks to exclude the portion of the declaration of Judith S. Heeter, the Director of Business Affairs and Licensing for the Players Association, in which she asserted that the Players Association has "licensed computer and video games produced by entities such as Sony, Acclaim, Microsoft, Sega and EA Sports, board games by Strat-O-Matic® and APBA, team-themed Monopoly games, numerous card games and a DVD-based trivia games by SnapTV®." CBC's Motion [Doc. 100 at p. 2] quoting J. Heeter's Decl. attached as the Player Association's Ex. 7, ¶ 11 to the Players Association's Reply. At the time the Motion was filed, the Players Association had not produced the licensing agreements with these entities, which CBC claims it specifically requested in its Request for Production, Nos. 8 and 10.

The Players Association disputes that these agreements were included in CBC's Request. Nevertheless, at the time of the opposition to CBC's Motion, the Players Association had produced the documents.

> CBC replies that:
>
> The Players Association claimed that the majority of its licensing agreements were not relevant to this litigation and objected to producing any licensing agreements other than those with fantasy providers in the last ten years. Now, at the reply summary judgment stage and after the close of discovery, the Players Association seeks to reverse direction and introduce evidence of other licensing agreements never provided during the discovery phase of the litigation.

CBC's Reply Memorandum [Doc. 117 at p.1]. CBC maintains that in spite of the production of the documents, evidence of other licensing agreements should be excluded. CBC also maintains that the proffered evidence is not relevant to the matters at issue in this case.[1]

The court has carefully reviewed the discovery requests, the correspondence between the parties and the fact that the documents have been produced. The court has also reviewed the applicable law cited by the parties in support of their positions. The court understands both CBC's firmly held belief that it requested the agreements and the Players Association's firmly held belief that

---

[1] CBC "suspects" that the other games may use pictures, motion capture and host of other purported "rights" not at issue in this case.

the discovery requests did not include the agreements. There is sufficient ambiguity to give credence to both positions. The court finds no bad faith on either side.

CBC argues that the fact that Players Association has produced the referenced licensing agreements "does not cure the deficiency" and claims the evidence of these agreements should be excluded because:

> CBC has not had the opportunity to obtain or review the video games and other purportedly licensed items to determine what sort of products are at issue and in what way the products use player names, pictures, video footage, trade marks or other asserted "rights" that may or not be at issue in this case. CBC also has not had an opportunity to investigate what similar items are on the market and not licensed by the Players Association.

CBC's Reply Memorandum [Doc. 117 at p.4]. The court finds that CBC is fully capable of viewing the video games or obtaining other licensed items or investigating similar items if it believes such is necessary to this case. The 30(b)(6) deposition agreed to by the Players Association will cover CBC's concerns. The court does not see the need for more fact discovery at this time but will entertain a <u>narrowly crafted</u> motion, if necessary. A telephone conference with all the parties was held on May 24, 2006 regarding exactly what is and what is not at issue in this case. Therefore, as support for the Players Association's Motion for Summary Judgment, the court will not consider the other licensing agreements or ¶11 of Judith Heeter's declaration. However, it is not appropriate to rule on the admissibility or exclusion of evidence at trial at this time. Such a ruling can only be made in the context in which it is offered.

Accordingly,

**IT IS HEREBY ORDERED** that CBC's Motion to Exclude Evidence is **GRANTED** in part and **DENIED** in part as more fully set out herein. [Doc. 100]

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this <u>30th</u> day of May, 2006